UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANNY D. PHILLIPS                                          CIVIL ACTION

VERSUS                                                     NO: 10-3869

HILCORP ENERGY COMPANY                                     SECTION "C" (3)

ORDER AND REASONS[1]

This matter is before the Court on the issue of whether the jurisdictional amount in controversy existed on the date of removal. (Rec. Doc.1). The Court ordered counsel to submit memoranda on the issue by November 15, 2010. Having reviewed the record, the stipulation of the parties, and the law, the Court has determined that the minimum amount in controversy has not been satisfied.

**I. Background**

Plaintiff, Danny D. Phillips, is seeking recovery for losses for property damage to his vessel and lost of wages. Plaintiff, a shrimper, was operating his fishing vessel near an oil/gas well operated by Defendant, Hilcorp Energy Co. when suddenly and without warning his trawling nets became entangled on an allegedly improperly buried production pipe. As a result of the significant property damage, Plaintiff suffered loss of wages for five (5) days. Plaintiff is also seeking punitive damages in this matter for Defendant's failure to take necessary precautions to prevent this incident.

**II. Law and Analysis**

With regard to the existence of jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.,* 193 F.3d 848 (5th Cir. 1999). Additionally, bare assertions by the removing party are insufficient to invest a federal court

---

[1] Helen Meaher, a third year law student at Tulane University School of Law assisted in preparing this order and reasons.

of jurisdiction. Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as the one at bar. *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.* It is the recognized burden of the party of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately, challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287 (1938),

Here, Defendant has not met its burden to show that the jurisdictional amount is facially apparent for present purposes, nor has it made a showing sufficiently particularized to meet its burden. Though Defendant notes that Plaintiff has made a claim for punitive damages, the defendant must do more that point to the possibility of penalties and fees and must present facts indicating the propriety or likelihood of such penalties should the plaintiff prevail. *Thompson v. Allstate Insurance Company*, 2007 WL 763219 (E.D.La.). Defendant presents no affirmative proof of the jurisdictional minimum.

In his memorandum, Plaintiff stipulates that the amount in controversy does not exceed the jurisdictional minimum and expressly disclaims any judgment in excess thereto. (Rec. Doc. 9). The Court has consistently recognized that even if the stipulation may not be" binding" for purposes of La. Code Civ. P. art. 862 under the reasoning in *Crosby v. Lassen Canyon Nursery, Inc.*, 2003 WL 22533617 (E.D.La.)(J. Vance), it is nonetheless, strong evidence of the jurisdictional amount for present purposes.

Based on the record and the law, the Court finds that Defendant has not established subject matter jurisdiction. Additionally, the Court is also mindful that removal is strictly construed.

*Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S.100 (1941).

## III. Conclusion

Accordingly,

IT IS ORDERED that Plaintiff's case is REMANDED.

New Orleans, Louisiana, this 2nd day of February, 2011.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE